Call the first case please. Case number 11-0176, People v. Giovanni Weems. Good morning, Your Honors. Katie Hill for the Petitioner of College of Illinois. Good morning, Your Honors. Eve Riley representing the people of the state of Illinois. I'm sorry, your name again? Kathleen Hill. Say that again? Kathleen Hill. Kathleen, huh? Hill, H-I-L-L. You're not on the briefs? That's correct, Your Honor. The attorney who prepared the briefs is on leave. Okay. Do you want to reserve time for a vote of counsel? Please, Your Honor, three minutes. How much? Three minutes. Three? Okay. Speak slower, louder. Please proceed, Ms. Hill. Good morning, Your Honors. May it please the Court. Kathleen Hill for the Petitioner Appellate Giovanni Weems. The Illinois Supreme Court has held that a post-conviction petition may be summarily dismissed only if it contains no arguable basis in law or in fact. Because pro se petitioners are untrained in law, Illinois courts have routinely held that this threshold for survival is low. A petition must state only the gist of the constitutional claim and need not include citations to legal authority or legal arguments. A trial court must read a pro se post-conviction petition liberally and may dismiss only if it is based upon an indisputably meritless legal theory or a fanciful factual allegation. This petition was neither. Giovanni Weems' petition stated an arguable claim. Why wasn't it fanciful that appellate counsel was ineffective for deciding not to raise the shifting of burden argument that Mr. Weems contends somehow deprived him of his constitutional rights? Because the underlying claim of burden shifting was an arguable claim, it was arguably unreasonable for appellate counsel to fail to raise it. When you say it was an arguable claim, what does that mean? Does it mean that counsel on appeal has no discretion to determine which issues he wishes to pursue? Can he say, you know what, I have no chance of winning on this issue, I'm going to focus my attention on the other issues. Can he do that without possibly having himself labeled as ineffective? Arguably effective appellate counsel raises all issues that have arguable merit. This is somewhat different than the circumstances when you're evaluating a claim of ineffective assistance of trial counsel where there's matters of, admittedly, matters of trial strategy. Let me ask you more pointedly, does appellate counsel on direct appeal have the, can he exercise his own professional judgment as to which issues he should raise? Appellate counsel should exercise judgment and not raise issues. Does he have that, can he exercise that professional judgment? I would argue that effective appellate counsel cannot exercise the professional judgment to fail to raise a claim that has arguable merit. So the low standard, the low standard that you're indicating is the standard that applies to post-conviction proceedings. Applies to appellate counsel on direct appeal as to which of, who knows, maybe many issues that have been raised as to whether or not he, I don't know if you're suggesting that he's constitutionally obliged to raise an issue that meets the low standard of a post-conviction petition. Is that what you're saying? I'm suggesting that appellate counsel has an obligation to review the record thoroughly, evaluate which claims have merit, and raise any claim that has arguable merit. And if this, if this claim of... So the arguable merit standard applies on direct appeal. So aren't you in fact saying that really direct appellate counsel or direct appeal counsel has no discretion to determine which among many issues he can decide to pursue? Unlike the case where trial counsel is making strategic decisions to present what it perceives to be the best version of the case, appellate counsel's job is to identify appealable issues. Do you as state appellate defender ever see a case that raises a multitude of issues and you decide which of the issues you want to raise? And do you in that process say, well, I'm going to raise every issue that has arguable merit, that very low standard that we apply in post-conviction proceedings? Appellate counsel is not limited to a certain number of issues. You can raise multiple issues in a brief. If there's an issue of arguable merit... Do you think that exercise enhances the likelihood of success on appeal, which is really the ultimate objective, isn't it? Presenting a meritorious issue on appeal, I would not imagine... Well, you're shifting your characterization of the issues now. You're saying a meritorious appeal, a meritorious issue. I thought it was arguable. And if it's arguable under the post-conviction proceedings, and as we all acknowledge, that's a very low standard. Should that low standard apply to counsel on direct appeal on behalf of the defendant? I would submit that counsel, in evaluating the first stage of a post-conviction petition, which is what we have here... That's not where we're going. We're not there yet. Well, to determine whether counsel was, in fact, ineffective for failure to raise this issue, is an evaluation of the merits of the claim, which is inappropriate at the first stage of the post-conviction. Can't we say this was, in fact, an exercise of professional judgment on appellate counsel's part in deciding not to raise this shifting of the burden issue on direct appeal, and therefore the case should end at the first stage? With respect, I would submit that there's nothing in the record from which one could conclude that this was a judgment call on the part of appellate counsel. Do you think one of your colleagues simply ignored the issue? Or didn't... I mean, certainly, we all acknowledge that it was preserved, right? And it was certainly part of the record, right? Yes. As I was not the counsel to prepare the briefs, I am not comfortable commenting on what counsel did. That's exactly the point, is there's nothing in the record from which one can conclude whether this was an inadvertent error or a judgment call. But you understand the concern we as a court would have if we're going to require all post-conviction proceedings to proceed if an issue is raised and preserved at trial and appellate counsel doesn't raise it on direct appeal because he raises other issues that he finds more deserving of his limited resources and limited resources of your office. Is that what you're saying? Wait a minute here. What is your best case that says that appellate counsel has a duty, a constitutional duty, to raise all possible issues with arguable merit? With respect, I think that the evaluation of the merits of whether appellate counsel was or was not ineffective is an inappropriate inquiry for the first stage of a post-conviction proceeding. People v. Smith, 326-331, says that if the underlying issue is arguable, then it was arguably unreasonable for appellate counsel to fail to raise it. And the ultimate decision of whether that was or was not, in fact, unreasonable assistance of appellate counsel is an inquiry on the merits that must proceed at the second stage. Maybe I'm not being very clear. I was trying to address the tension between the obligation of counsel on direct appeal and the review of a post-conviction proceeding regarding issues. And if there's a tension between the obligations, appellate counsel decides, I'm not going to raise this issue, which opens the door to an ineffective assistance claim on post-conviction. Now, how do we resolve that tension? Because we can't evaluate arguable merit in a vacuum. We have to look at what the, and in fact, I think the cases talk about, when it's appellate counsel's arguable deficiency, that we have to look at the likelihood of success. The likelihood of success of the underlying claim. Is there any? Yeah. There are cases in the Illinois courts, there are cases admittedly that go both ways on the issue of whether improper burden shifting is reversible error that prejudices the defendant. There are cases such as Beasley which suggests that for the state to shift the burden to the defense constitutes reversible error. There are other cases. Was there testimony in this case, because the case concerned whether or not seized items were tested. Was there testimony in this case that the seized items were available for testing, but no defense request was made to have those items tested? Was there evidence as to that? Yes.  How should the state address the possibility that the jury, if it hadn't been argued to it, that we don't want you to speculate in the back regarding these items that weren't tested, because they would have been tested had a request been made, and a request can also be made by defense, not simply the state. Okay. How should the state address the concern of getting the jury bogged down in an issue that defense counsel is going to raise in closing, but isn't it a fair comment to make, the argument that was made in this case, based on the evidence? We do not suggest that it is impossible for the state to comment upon a defense with subpoena power, but that's not what the state did here. The state did not make a simple comment that the defense was free to suggest or request testing of these materials and did not. That evidence had come out through the testimony of the forensic evidence technician. Where did they go too far? The state created the impression that it was incumbent upon the defense, if it wished to argue that the police were ineffective and conducted a shoddy and incomplete investigation, that it was incumbent upon the defendant to seek the testing of those materials to prove that theory. And that's where, when the state concluded its argument, the defense objected twice to the burden shifting. The court twice overruled those objections, suggesting this was an appropriate line of conversation. And if the judge was thinking, considering the evidence, the testimony that was presented to the jury, I don't think it goes too far. What's wrong with that? Well, at the conclusion, the state says, if you're going to go back there and talk about the lack of evidence, at least be fair about it, which suggests that if it was error for the state to not test it, it was error for the defense to not test it, too. That's the kind of argument that has been held in cases like Beasley and Giangrande, to be shifting the burden to the defendant to present some sort of affirmative proof of what that evidence would have shown. And that's where the burden shifting goes too far. It's not a mere comment on the defense was free to seek testing of those materials, which was admittedly already in the record. All right. So let's say this case goes back for a second stage. What happens? Well, ours is not to speculate. No, but does, at a second stage, would the defendant then have an obligation to have those items tested to make a substantial showing that his constitutional rights were violated during the course of the trial? If it goes back to the second stage, the defendant would be appointed counsel who would have the opportunity to craft, recraft, if need be, present what arguments it felt were appropriate for a post-conviction proceeding. Whether that would include the testing of untested forensic materials is not something I'm able to comment on at this point. Let me ask you this. If you have limiting resources in your office, the defendant is still entitled to the presentation of a case and any issue which could change the result. Isn't that true? Yes. Wait. Give me a moment, please. You've had all the moments. You're getting a little testy there. Well, no, I think that you're going down the wrong road, a road that no one should ever go down. Defendants are entitled to a fair trial and a petition that should be heard if it's the gist of a constitutional claim at the first stage. Isn't that true? Yes. Not dependent on limiting resources and not dependent on whether a lawyer, just because he has a license, makes a discretionary move that's wrong. Wrong is wrong, isn't it? And that's what we're here to address, whether or not counsel's decision was wrong. I didn't hear your answer to Justice. You shook her head. Yes. Yeah, I know, but the mic is not going to pick up. It's shaking overhead. So please respond audibly to Justice Gordon's question, and then we'll hear from Justice Garcia. Certainly. The constitutional standard is clear. A petitioner need only state the gist of a constitutional claim, and there is no accommodation for the judgment cause of an attorney. It is a constitutional claim. That's our law in America. We haven't changed it yet, have we? Not to my knowledge. Justice Garcia? And the point is, that's what we're here to address, right, whether or not it was wrong, whether or not a wrong occurred, whether or not counsel was arguably ineffective, and that's what we're trying to address here, right? Your argument is that he was, and we're going to hear from the assistant state's attorney saying that he wasn't. With respect, my argument is somewhat different than he was. My argument is that he stated the gist of a claim that he was, and at the first stage of a post-conviction petition, all that is required is for a liberal reading of that petition and advancement to the second stage if there's an arguable basis. The evaluation on the merits of whether counsel was or was not ineffective, the likelihood of success of the burden-shifting argument had it been presented at trial, those are merits evaluations that are inappropriate for a first-stage post-conviction proceeding. Okay. Counsel, you're two minutes over your stated time. There are no further questions. I'll reserve my time. Okay. Pelley? Counsel, what did you say your name was? Eve Riley. Eve Riley. Okay. Please proceed, Ms. Riley. On September 28, 2001, the defendant beat his ex-girlfriend to death with the claw end of a hammer and set her house on fire with her five children inside. He then went home and went to sleep. He was convicted after a jury trial. In 2009, this Court affirmed his appeal. In 2010, he filed a petition for post-conviction relief, and the trial court dismissed the petition as frivolous and patently without merit. The defendant appeals claiming that the appellate counsel was ineffective for not raising an issue with the prosecutors for making comments in closing argument which shifted the burden of proof. Initially, the people maintaining this issue has been forfeited. In the defendant's post-conviction claim, he does not mention anywhere that there was a burden-shifting closing argument. Is there an obligation on the part of Mr. Weems to identify the precise issue that he wishes to raise on appeal or appellate counsel on his behalf will raise on appeal? And if so, I'd like to see the authority that you rely on. There is case law that says he cannot raise an issue on direct appeal that was not stated in the post-conviction petition. Did he make an allegation of ineffectiveness of appellate counsel in his post-conviction petition? Your Honor, the claim was ineffective assistance of appellate counsel for not raising issues in the motion for a new trial. So don't we at that point look to the motion for a new trial and determine what issues are raised there? And if there's an issue of arguable merit in the motion for a new trial, then we heard the argument that counsel on direct appeal has an obligation, maybe even a constitutional obligation, to raise it on direct appeal, and he obviously did. So why would we want to get into forfeiture? And why do you think you can meet your burden of demonstrating forfeiture? Well, although the burden might be low at first stage, there is actual burdens. The claims can't be conclusory. There has to be specific facts. And pursuant to Hodges, there has to be, especially for first-stage ineffective assistance of counsel claims. How about that authority that you are relying on that says the precise issue or anything close to that that has been raised on post-conviction appeal had to have been raised in the post-conviction petition, the pro se defendant? Well, I believe it's Peeble v. Jones that says you cannot raise an issue on direct appeal that was not in your post-conviction petition, and there's a reason for this. That's certainly true. But how do we get to that very narrow point that you're trying to establish that the issue itself must be in the post-conviction petition? That's what I think you're arguing, isn't it? Yes, and the reason I'm arguing that is because even if the trial court looks at the petition, figures out they're supposed to go to the motion for a new trial, looks at the motion for a new trial, the claim there is that the prosecutor made inflammatory remarks in the closing argument. There's still no claim of a burdenship. So the trial court now has to speculate as to what comments the defendant is referring to and what the claim actually is. And the Post-Conviction Act says that the claims do have to be, although maybe there's a low burden, there does have to be a specific claim. The trial court does not know to make a ruling on a burden-shifting closing argument. But the judge in this case issued a three- or four-page decision demonstrating that he looked at the record and was fully knowledgeable. He wasn't the trial judge. He certainly was conversant in the trial itself, and he had no inclination to say, you know, I'm requiring more than what the defendant alleged here. My point there is merely that to say a prosecutor made inflammatory remarks in closing argument, it is a conclusory statement and more is required. But also under Hodges there is a requirement that there be an arguable claim of ineffective assistance of counsel and that it be arguable that the defendant was prejudiced. And we don't have that here. There is no arguable claim of deficient representation. Let's go to prejudice, because that's all we really need to examine, right, to address an effective. Correct. There's no allegation of prejudice. What's your understanding of the prejudice that arose from that? There is no prejudice that arose from that. Did the defense counsel open the door? And wasn't the state simply following up when the state was accused of shifting the burden of proof? I mean, didn't the defense counsel say in reference to the van, did they do any testing on that van? Do you suppose maybe a drop of that gasoline sloshed off? You know, do you suppose he drove that van and his fingerprints might be on the steering wheel? Did you hear about that? Did they even try? Absolutely, Your Honor. It is a proper response. It's a proper response, and it's based on evidence that was admitted trial, unobjected to testimony by Tannis Fosfer. And it is a proper response, because the defense counsel's closing argument is basically saying, you didn't test the sheets, you didn't test the pillowcase. Why didn't the state do that? Well, they had their man. The state didn't test fingernail clippings. Why? They had their man. The inference there is that the state intentionally withheld testing on evidence because they were already independent on the defendant. It required a response by the prosecutor. And when the prosecutor responded, the prosecutor did so properly. And they said, we have the burden. We know we have the burden. But while the defendant sits here without burden, he does not sit here without power, and he could have had those evidence tested. And the prosecutor then goes on to talk about the testimony of Tannis Fosfer. And Tannis Fosfer, the forensic expert on direct examination, was questioned about all the evidence that the state did ask for her to test. On cross-examination, the defense counsel asks her, well, you didn't test this, you didn't test that. She said, no, I was never asked to. On direct examination, the prosecutor says, well, if defense counsel would have asked you to test it, would you have tested it? Yes. Did he ask you? No. No objection. The prosecutor has every right to comment on properly admitted evidence, and they have every right to respond to the type of closing argument that defense counsel made. So getting into the simple language, are you saying that appellate counsel on direct appeal was not wrong in not raising this issue? I am saying that appellate counsel was not wrong. And I'm also saying when you're looking at whether there's an arguable basis of deficient representation in a case like this, you do actually have to look at the case, because for a claim to have no merit in law, the case law says that if it is based on something that is contradicted by the record, it has no basis in law. This claim, in this case, is contradicted by the record. So for that reason, there was no arguable basis in law. And in addition to that, the defendant is required to make an arguable claim of prejudice. That is a burden the defendant cannot meet. The evidence in this case was overwhelming. The defendant just got out of jail the day before for domestic violence against this victim. His CTA bus pass places him near her home at the time of the fire. There's DNA evidence in the victim that belongs to the defendant. There's blood, the victim's blood, on the defendant's pants. The murder weapon is found in a dumpster behind the home of the defendant, along with the victim's purse, and the defendant confesses. He gives a videotaped confession explaining how he went to Dawn's house with an ice pick, broke in, thought the better of it, left, went and got a hammer, came back, beat her to death with that hammer, and lit her house on fire in the stairwell, knowing the children were home, blocking any chance those children had of escaping. Fortunately, one of the children woke up and was able to rescue all the kids on the roof. He knew those children were in there. He admitted it. But he also, as a point of, I'm not sure what his point was, but he did claim that he believed that the smoke alarms would alert the kids. It would put the kids in time for them to escape. Because he knew that by then the mother couldn't escape. Correct. And he also knew there were three babies. If it doesn't matter, smoke alarm, no smoke alarm, those babies were going to crawl out of their crib down a flight of stairs with fire to get out of that house. The point being, prejudice, they could never meet that burden. For these reasons and all the reasons stated in our brief, I mean, really what you're saying is there's no meritorious claim here. I'm saying there's no meritorious claim, but I'm also saying that there is no arguable basis in law or fact. Thank you. What do you say about whether there's a meritorious claim? The evaluation of whether it's a meritorious claim is irrelevant to the, for the purposes of evaluating a first-age post-conviction. How about arguable prejudice? Arguable prejudice. There are cases that come out both ways in the Illinois courts about whether shifting the burden to the defense is beneficial to the defense. What do you think drives opposing decisions in those cases that you're referring to? Do you think the facts drive those decisions? And do you think the facts of this case even permit an arguable prejudice claim by your client? The petitioner does not dispute that there was evidence of trial against him. Well, we know that. I mean, every conviction has some evidence, but we're talking about the nature of that evidence. Was it overwhelming? I would submit that it was not so overwhelming that the defense's theory was impossible and thus that it wasn't arguably prejudicial to completely undermine the defense's theory. The confession was contested. The defendant testified at trial that his confession was coerced via police interrogation tactics. There was evidence that the earlier... There was a videotape, and the videotape showed him in the course of that interrogation that resulted in his admissions. Right? Yes, there was a videotape. But you indicate that the videotape isn't available or isn't part of the post-conviction record. That's right. But the jury was certainly able to see, you know, what those things that judges often observe in the course of hearing testimony to determine the credibility of the testimony of a witness, and the jury saw that on the part of the defendant in the videotape. But attempting to evaluate what effect it would have had on the jury to know, to hear this burden-shifting argument and to have it undermine the defense's entire theory of the case, and to have the court give that sort of the official incommoder by overruling the objections to that and saying this is a totally permissible line of argument, it's impossible to say what effect that would have had on the jury at this stage. There was evidence of a consensual encounter between the parties. Some of the evidence was inconsistent with the confession that was given by Mr. Weems. So this was not a case where it's impossible, it's just impossible to tell what effect that would have had on the jury, and because it requires an evaluation of these facts and of the merits, it's inappropriate to say that there is no arguable prejudice. Cases have said that this can be prejudicial. Thus, it was arguably a prejudicial claim. You don't dispute that. In the course of assessing whether arguable prejudice exists, we look at the facts of the case that we're examining. Certainly. There's an involvement of the facts of the case, but the fact that a court may view the likelihood of success as remote does not make it a fantastic and delusional claim. That's what the Illinois Supreme Court held in Hodges. You don't have to prove likelihood of success. Prejudice may be found even when the chance that minimally competent counsel would have won an acquittal is significantly less than 50%. That's from People v. McCarter. It's not a requirement that you prove that he wouldn't have been convicted. If there are no further questions, we ask that this court remain for a second. Thank you, Counsel. This matter will be taken under advisement.